```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/11/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE BRUCE,

        Plaintiff,

   -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

        Defendants.

25-CV-1986 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    This is an employment discrimination action, originally filed pro se on March 8, 2025. *See* Compl. (Dkt. 1). On April 23, 2025, attorney Charles R. Mackenzie entered an appearance for plaintiff (Dkt. 8), but did not seek to amend the Complaint.

    On July 14, 2025, defendants moved to dismiss the Complaint in its entirety. (Dkt. 14.) Pursuant to Local Civ. R. 6.1, plaintiff's opposition to that motion was due on July 28, 2025. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), her deadline to amend the Complaint as of right was August 4, 2025. Plaintiff failed to meet either deadline.

    On August 6, 2025, the Court, on its own motion, extended plaintiff's deadline to oppose defendants' motion, or amend her complaint, to August 13, 2025. (Dkt. 16.) Plaintiff again failed to meet that deadline.

    Instead, on September 4, 2025, plaintiff sought a *nunc pro tunc* extension of her deadline "to oppose Defendant's motion to dismiss the complaint," until September 10, 2025. (Dkt. 17.) The Court granted plaintiff's request. (Dkt. 18.)

    On September 8, 2025, plaintiff filed two declarations in opposition to the pending motion to dismiss and a one-paragraph letter requesting leave to amend her complaint. (Dkts. 19-21.) By order dated September 9, 2025 (Dkt. 22), the Court noted that there were numerous procedural deficiencies in plaintiff's papers, which did not include a memorandum of law (*see* Local Civ. R. 7.1(a)(2), (a)(4)); did not include a formal motion for leave to amend (*see* Local Civ. R. 7.1(a)(1), (a)(4)); and did not include either a clean or a redlined copy of plaintiff's proposed amended complaint. (*See* Local Civ. R. 15.1(a).) As a courtesy, the Court reminded plaintiff that she had until September 10, 2025 to rectify these errors.

    On September 10, 2025, plaintiff filed a document labelled "First Amended Complaint," signed only by the plaintiff. (Dkt. 23). The Clerk of Court rejected that pleading as deficient because, among other things, it "was not signed by the attorney" as required by Fed. R. Civ. P. 11(a). (*See* 9/11/25 Text-Only Entry.)

    On September 11, 2025, plaintiff refiled the same "First Amended Complaint," this time signed by counsel of record but otherwise unchanged from the filing the day before. (Dkt. 24.) However, plaintiff still has not filed any memorandum of law, nor made a motion for leave to

amend, nor submitted a redlined copy of her proposed amended pleading. The Court notes that plaintiff appears to have added a claim under 28 U.S.C. § 1981 and dropped her claims under state and local law.

Because plaintiff repeatedly missed her deadline to amend as of right, the Court construes the "First Amended Complaint" at Dkt. 24 as plaintiff's *proposed* First Amended Complaint.

If defendants wish to accept the proposed amendment – without prejudice to their right to move against it pursuant to Fed. R. Civ. P. 12 – they must so advise the Court no later than **September 18, 2025**. In that case, their motion (or answer, as the case may be) with respect to the First Amended Complaint will be due **September 25, 2025**.

Alternatively, if defendants wish to stand on their pending motion, their reply papers will be due **September 18, 2025**, and the Court will not accept any further motion papers.

The Court reminds plaintiff and her counsel that represented parties are not entitled to the latitude typically afforded to unrepresented parties. *See, e.g., Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 516 (S.D.N.Y. 2023). Counsel's repeated failure to follow this Court's orders (as well as the procedural requirements of the federal and local rules) is inconsistent with counsel's professional obligations and the standards of professionalism expected in this forum.

Dated: New York, New York
September 11, 2025        **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**