USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICOLE BRUCE, Plaintiff, | : | 1:25-cv-1986-GHW |
| -v- | : | <u>MEMORANDUM OPINION & ORDER</u> |
| NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*, Defendants. | : | |

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Nicole Bruce was a probationary teacher at Eagle Academy, a public school under the aegis of the New York City Department of Education (the "DOE"). Ms. Bruce claims that, while working there, she was the target of discrimination on the basis of her race and gender. She asserts that she was terminated from her position on May 31, 2022, because she is a Black woman, and because Defendants retaliated against her as a result of her complaints. But she did not file a claim with the New York State Division of Human Rights until April 10, 2023—more than 300 days after her termination.

Ms. Bruce filed this action, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Defendants moved to dismiss her claims, arguing, among other things, that her Title VII claims were untimely and that she could not sue Defendants under Section 1981 because they are not state actors.

On August 20, 2026, Judge Barbara C. Moses issued a thoughtful report and recommendation (the "R&R"), recommending that Plaintiff's claims be dismissed, and that Plaintiff be denied leave to amend her complaint. Plaintiff objected to the recommendation that the Court find that her claims were untimely, arguing that "under Title VII, the 300-day filing period runs from

the last day of employment," rather than the date of the alleged discriminatory act. Because the 300-day filing period runs from the date of each discrete discriminatory act, and the other reasons described in the R&R and below, the Court adopts the R&R in full. Accordingly, Defendants' motion to dismiss is GRANTED and Plaintiff's motion to amend her complaint is DENIED.

## II. BACKGROUND

### A. Facts[1]

Familiarity with the facts of this case is presumed. The reader is referred to the R&R, Dkt. No. 48, for a comprehensive description of the facts and procedural history of this case.[2] A brief summary of the relevant allegations and procedural history is provided here for context.

### B. Procedural History

Plaintiff initially filed this case *pro se* on March 8, 2025. Dkt. No. 1. But like Judge Moses, the Court highlights that counsel appeared in the case on Plaintiff's behalf on April 23, 2025. Dkt. No. 8. Nearly the entirety of this action developed under counsel's management—and all of the briefing and arguments presented by Plaintiff in connection with the motions at issue here are the work product of counsel, not a *pro se* litigant.

Defendants filed a motion to dismiss the initial complaint on July 14, 2025. Dkt. No. 13. The R&R describes Plaintiff's wending response to the motion; it led to the September 15, 2025 filing of the operative complaint—the First Amended Complaint. R&R at 6-9. Although Plaintiff was represented at the time by counsel, when crafting the First Amended Complaint, Plaintiff used the *pro se* complaint form with an addendum describing the factual basis of Plaintiff's claims. The

---

[1] The facts herein are taken from the First Amended Complaint, Dkt. No. 28 ("FAC" or "First Amended Complaint"), and are accepted as true for the purposes of this motion. *See, e.g., Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The same is true with respect to the Court's evaluation of the allegations contained in the plaintiff's proposed second amended complaint. Dkt. No. 44-2 ("Prop. SAC").

[2] Unless otherwise indicated, this opinion uses acronyms and abbreviations as they were used in the R&R.

complaint asserted two claims against each of the defendants: a claim under Title VII for discrimination on the basis of her race and gender, FAC at 3, and a claim under Section 1981 for discrimination on the basis of her race, *id.* at 4.

On October 9, 2025, Defendants moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), Dkt. No. 31, and filed an accompanying memorandum of law, Dkt. No. 33 ("Def. Mem."), and declaration, Dkt. No. 32. Plaintiff's counsel missed her deadline to oppose the motion and did not request an extension of the deadline. Nonetheless, Judge Moses extended the deadline on her own initiative. Dkt. No. 35. On the last day of the extended period, Plaintiff filed two documents in response to the motion: an affidavit from Plaintiff, Dkt. No. 36, and a declaration from Plaintiff's counsel, Dkt. No. 37. Plaintiff did not file a memorandum of law. Defendants filed their reply brief on November 26, 2025. Dkt. No. 41. The R&R aptly summarizes the arguments presented in Defendants' motion and Plaintiff's response. R&R at 9-11.

On December 23, 2025, "a month after briefing closed on the motion to dismiss," Plaintiff filed a two-page long letter motion requesting leave to further amend the complaint. R&R 11. Judge Moses denied that request because, as the R&R explains, "Plaintiff did not submit a notice of motion, a brief, or a proposed second amended complaint, as required by Local Civil Rules 7.1 and 15.1(a)." R&R at 11. On January 14, 2026, Plaintiff filed another two-page long letter requesting leave to amend the complaint. Dkt. No. 44 ("Pl. Mot. to Amend"). Notwithstanding Judge Moses' direction to the Court's Local Rules, Plaintiff did not submit a memorandum of law in support of the application. But this time, she did at least provide a proposed form of amended complaint. Judge Moses, in her discretion, did not reject the submission as a result of Plaintiff's repeated failure to follow the Court's rules. R&R at 12.

Like the First Amended Complaint, the proposed amended complaint asserted a claim against Defendants under Title VII and Section 1981. The proposed amended complaint advanced

a claim under Section 1981, and not 42 U.S.C. § 1983 ("Section 1983"), notwithstanding the fact that Defendants' motion to dismiss had pointed out that such a claim could not be pursued against Defendants because they were state actors—and, indeed, in their motion to dismiss filed three months before, had generously pointed out to Plaintiff that "Section 1983—not Section 1981—constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by a state governmental unit." Def. Mem. at 3 (quoting *Moroshkin v. Nat'l Council on Aging Senior Cmty. Serv. Emp. Program*, No. 23-CV-01301 (MMG), 2025 WL 34820, at *5 (S.D.N.Y. Jan. 6, 2025)).

Defendants filed an opposition to Plaintiff's motion to amend on January 29, 2026. Dkt. No. 46. Plaintiff filed a reply on February 3, 2026. Dkt. No. 47. Again, the R&R capably summarizes the arguments presented in the parties' briefing regarding the motion to amend. R&R at 11-13. The R&R flagged the fact that, in her reply memorandum, Plaintiff argued "for the first time—that she wishes to 'correct' her claim under 42 U.S.C. § 1981 to a claim under 42 U.S.C. § 1983 . . . ." *Id.* at 13.

**C. The R&R**

Judge Moses issued the R&R on August 19, 2026, recommending that the Court grant Defendants' motion to dismiss and deny Plaintiff's motion for leave to amend the complaint. *See generally* R&R. Judge Moses concluded that the facts pleaded on the face of the complaint established that Plaintiff's Title VII claims were barred by the statute of limitations. Judge Moses reached that conclusion because the last discriminatory act pleaded in the complaint—Plaintiff's termination—occurred more than 300 days before Plaintiff filed her claim with the EEOC. R&R at 19-23.

In reaching her conclusion, Judge Moses responded to a new set of facts presented by Plaintiff in her opposition brief: facts showing that Plaintiff continued to work for the DOE after she left Eagle Academy. Plaintiff alleged that the last discriminatory act that she experienced

occurred months after her termination "when she was told by the payroll secretary at Stuyvesant[3] that she could not 'enter [plaintiff's] time due to [her] termination.'" R&R at 20. Judge Moses pointed out that those facts were not included in Plaintiff's complaint, and that a plaintiff (particularly one represented by counsel) could not amend her complaint "by the briefs in opposition to a motion to dismiss." *Id.* (internal quotation omitted).

Although Judge Moses might have granted the motion on that ground alone, she considered whether the additional facts submitted in Plaintiff's opposition papers would change the result. She concluded that they would not. "Even if the FAC included plaintiff's allegations about her employment at Stuyvesant and the payroll secretary's note, those allegations would not save her Title VII claim, because the termination of a plaintiff's position is a 'discrete act,' which is not subject to the continuing violation doctrine and cannot be challenged in federal court unless it was first presented to the EEOC or state agency within 300 days of the date on which the plaintiff received notice of the termination." R&R at 20-21 (internal citation omitted).

The R&R concluded that because Plaintiff could not pursue claims for discriminatory acts that occurred more than 300 days before her filing with the EEOC, "plaintiff cannot sue in this Court for the termination of her position as a probationary teacher at Eagle Academy." *Id.* at 21. "Nor can she sue for the harassment and retaliation she experienced at Eagle Academy, all of which took place prior to her May 31, 2022 termination." *Id.*[4]

The R&R explained why the continuing violation doctrine did not apply to "extend the statute of limitations" for Plaintiff's claims: "because the termination of a plaintiff's position is a 'discrete act.'" *Id.* at 20. Judge Moses concluded that Plaintiff could not pursue a claim under Title

[3] The Court understands "Stuyvesant" to refer to Stuyvesant High School, a specialized public high school in Manhattan.
[4] The First Amended Complaint did not assert claims arising from alleged discriminatory conduct arising after Plaintiff's termination at Eagle Academy. Only the claims asserted in the First Amended Complaint were subject to the motion to dismiss.

VII for the harassment and retaliation she allegedly experienced at Eagle Academy on the basis of later conduct because Plaintiff "does not (and cannot) allege that the note she received from the payroll clerk at Stuyvesant was part of the same actionable hostile work environment practice." *Id.* at 21 (internal quotations omitted).

The R&R did not conclude that Plaintiff's Title VII claim was untimely because Plaintiff failed to file her complaint within 90 days after receiving her right-to-sue letter. Judge Moses found this aspect of Defendants' motion to be unpersuasive. She wrote the following: "Here, plaintiff clearly alleges that the date on which she received the EEOC Notice was January 11, 2025, and thus that she filed her Complaint within 90 days of her receipt of that notice, as required by 42 U.S.C. §§ 2000e-5(f)(1)). These allegations later may be proven false, but accepting the allegations of receipt of the notice as true, as the Court must at this stage, the Court cannot conclude as a matter of law that this action is untimely under § 2000e-5(f)(1)." *Id.* at 22 n. 15 (internal citations and quotations omitted).

The R&R recommended that Plaintiff's claim under Section 1981 be dismissed because all of the defendants were state actors. *Id.* at 23. As Judge Moses wrote, "[Section] 1981 does not provide a private right of action against state actors, regardless of whether those state actors are municipalities or individuals." *Id.* (internal citation omitted). "Moreover, as defendants correctly point out, plaintiff abandoned her § 1981 claim by failing to defend it – or even mention it – in her opposition papers." *Id.*

Finally, the R&R recommended that the Court deny Plaintiff leave to amend the complaint. Judge Moses concluded that an amendment of the complaint would be futile because it suffered from "the same infirmities" that Judge Moses had addressed when evaluating the motion to dismiss. *Id.* at 24. Judge Moses noted that Plaintiff's proposed new factual allegations regarding Plaintiff's alleged work for the school system following her termination from Eagle Academy "do not save

plaintiff's Title VII claim, because the termination of her employment at Eagle Academy was a 'discrete act.'" *Id.* The alleged acts of discriminatory conduct added to the proposed amended complaint were discrete acts by other actors at a different school and thus would not extend the statute of limitations for Plaintiff's claims regarding her tenure at and termination from Eagle Academy. *Id.*

Judge Moses also noted that the proposed amendment would not salvage Plaintiff's Section 1981 claim. That claim, she wrote, "fails as a matter of law because all of the defendants in this action are state actors, and § 1981 does not provide a separate private right of action against state actors." *Id.* at 24-25 (internal quotation omitted).

Judge Moses responded to Plaintiff's belated attempt "to amend her proposed amendment, arguing – for the first time – that she should be permitted to 'correct the section of the statute from 1981 to 1983.'" *Id.* at 25 (quoting Pl. Reply at ECF p. 10). Judge Moses explained why the proposed complaint did not assert a claim under Section 1983. The proposed complaint did not include allegations regarding the personal involvement of any of the defendants in the alleged misconduct, instead relying on group pleading. *Id.* at 25-27. And the complaint did not "even begin to state a claim for municipal liability" under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "Since none of the claims that plaintiff attempts to plead in her Proposed SAC could withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), amendment would be futile." *Id.* at 28 (internal citations and quotations omitted). Therefore, the R&R recommended that Plaintiff's letter motion for leave to amend the complaint be denied.

**D. Objections to the R&R**

Plaintiff filed timely objections to the R&R on September 1, 2026. Dkt. No. 49

("Objections" or "Obj."). The objections were brief—spanning just three, unnumbered pages.[5] The Objections begin by arguing that the R&R "disregards" the "additional, material facts" that she advanced in her proposed amended complaint. Obj. at 1. Plaintiff stated that the evidence demonstrated that "the DOE maintained supervisory authority over her beyond May 31, 2022, contradicting Defendants' claimed earlier termination date, rendering her April 10, 2023 filing timely under Title VII's 300-day rule." *Id.*

In her Objections, Plaintiff presented new facts in support of her proposed amendment that were not contained in her proposed amended complaint or any prior briefing. *Id.* at 2. She described, among other things, communications that, in her view, "demonstrate that DOE continued to process and engage Ms. Bruce for summer service, contradicting any argument that her employment ended on May 31, 2022." *Id.* Plaintiff also presented additional facts to support an argument that "supported equitable tolling of the 90-day filing period." *Id.* at 2.

Plaintiff's primary objections focus on the allegations that she was employed by the DOE after she left Eagle Academy. Plaintiff premises her objections on the argument that "[u]nder Title VII, the 300-day filing period runs *from the last day of employment*." *Id.* at 3 (emphasis added). Presumably guided by this understanding, Plaintiff takes the position that her EEOC filing was timely because her allegations show that she was employed by the DOE after she was terminated from her position at Eagle Academy. *Id.* at 2-3. In her Objections, Plaintiff provides no law to support the position that the filing period runs from the last day of a plaintiff's employment, regardless of the date of the relevant discriminatory act.

The Objections do not specifically object to—or engage at all with—the R&R's accurate

[5] The Objections start with a single section heading: "Preliminary Statement." The entirety of the Objections fall under that heading. The last page of Plaintiff's submission contains two numbered paragraphs: 3 and 4, but the document does not contain other numbered paragraphs. Plaintiff is represented by counsel; the Court considers the Objections as presented to it.

statement of the law that "a Title VII plaintiff must file a charge of discrimination with the EEOC . . . within 300 days of the allegedly discriminatory or retaliatory act." R&R at 16. Nor do the Objections respond to the analysis that flows from the application of that rule in the R&R—that "the termination of a plaintiff's position is a 'discrete act,' which is not subject to the continuing violation doctrine and cannot be challenged in federal court unless it was first presented to the EEOC or state agency within 300 days of the date on which the plaintiff received notice of the termination." *Id.* at 20-21.

The Objections also object to the R&R's conclusion that "leave to amend would be futile." Obj. at 3. In support of this argument, Plaintiff points to "additional, relevant and materials facts" that "were not fully presented previously . . . ." *Id.* at 3. On the basis of these new facts, which were not presented in any of her submissions prior to the Objections, Plaintiff argues that the Court should not adopt the R&R's conclusions.

Finally, the Objections object to "the report's recommendation of dismissal of my claims in their entirety . . . because plaintiff's true date of employment termination, a material fact, is in dispute." *Id.* This objection is identical in focus to her first—Plaintiff argues that because her employment at DOE ended later than her termination from the position at Eagle Academy, the deadline for her to file a complaint with the EEOC was 300 days after that later date.

Defendants did not object to the R&R but filed a brief responding to Plaintiff's Objections. *See generally* Dkt. No. 51 ("Opp'n"). First, Defendants responded to the factual allegations that Plaintiff presented for the first time in her Objections. Defendants argued that those facts—and the arguments based on them—should be disregarded because "'[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation.'" Opp'n at 4 (quoting *McTerrell v. New York City Health & Hosps. Corp.*, No. 19CIV4469PAESDA, 2020 WL 1503194, at *2 (S.D.N.Y. Mar. 30, 2020)).

Second, Defendants argued that Plaintiff had failed to present a valid objection to the R&R's recommendation that the Court find that her claims were time-barred. Plaintiff argued that Plaintiff's objections were insufficient to justify *de novo* review: "Other than simply claiming the conclusion was erroneous, Plaintiff does not actually identify any error." Opp'n at 4. And Defendants flagged that "Plaintiff also does not challenge . . . Judge Moses' finding that any alleged harassment or retaliation when she worked at Eagle Academy was also time-barred and that the continuing violation doctrine did not apply." *Id.*

Third, Defendants pointed out that Plaintiff's objections based on the timing of her receipt of the right-to-sue letter lacked a foundation. Defendants flagged a point that Plaintiff's Objections did not recognize: "Judge Moses accepted as true Plaintiff's allegations regarding her relocation and mailbox issues and accepted that she did not receive the right-to-sue letter until January 11, 2025." *Id.* at 5.

Defendants argued that even if the Court believed that Plaintiff's objections merited *de novo* review, the Court should adopt the R&R's findings. *Id.* Defendants pointed out that Plaintiff's argument that the 300-day filing period begins at the last date of a plaintiff's employment, rather than the date of the discriminatory act is contradicted by the statute's text and governing law. *Id.* at 6. The continuing violation doctrine would not apply, Defendants argued, for the reasons found by Judge Moses—among other things, "because Plaintiff's alleged discontinuance from Eagle Academy was a discrete act and the continuing violation doctrine does not apply to discrete acts." *Id.*

## III. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R.

Civ. P. 72(b)(2). The Court reviews for clear error those parts of the report and recommendation to which no party has properly objected. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1). When a party lodges a proper objection, the Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Nambiar*, 158 F.4th at 358–59. A proper objection is both timely and specific, meaning it must have "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar*, 158 F.4th at 359 (citation omitted). "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.* (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Id.* at 361. But objections that are "nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" warrant only clear-error review. *Id.* (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)).

Finally, a "proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.* at 359; *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (citation omitted)).

## IV. DISCUSSION

### A. Most of the Objections to the R&R are Subject to Clear Error Review

Plaintiff does not object to most of the R&R. She does not object to the description of the factual background of the case or the case's procedural history. R&R at 1-13. Nor does she object

to the statement of the legal standards applicable to a motion to dismiss or for leave to file an amendment to a complaint. *Id.* at 13-16. Nor, with a single exception that the Court will discuss below, does she object to the description of the legal standard applicable to the statutory preconditions for filing a claim under Title VII. *Id.* at 16-18. Plaintiff also does not object to the R&R's description of the legal standard applicable to a claim under Section 1981. *Id.* at 19. Plaintiff does not object to the R&R's conclusion that her Section 1981 claims should be dismissed. R&R at 23, 24-25. And she does not object to the R&R's analysis of the sufficiency of her proposed claims under Section 1983. *Id.* at 24-28. The Court has reviewed all of those portions of the R&R for clear error and finds none.

Although Plaintiff's objections relate to the statute of limitations, her objections are not sufficiently specific to warrant *de novo* review of the R&R's conclusion that the continuing violation doctrine does not apply to her claims regarding the alleged harassment and retaliation that she experienced at Eagle Academy. *See* R&R at 21. In her Objections, Plaintiff does not mention that analysis, much less identify an issue with it with sufficient particularity to mandate *de novo* review. The Court has reviewed that aspect of the R&R for clear error and finds none[6]

The only objections presented by Plaintiff that approach the level of specificity required to trigger *de novo* review are the following: First, that her claims should not be dismissed based on the date of her receipt of a right-to-sue letter. And second, that her claims should be considered to be timely because her employment ended less than 300 days prior to the last day of her employment. Plaintiff argues that her proposed amendment to the complaint is not futile because the R&R got those points wrong. The Court evaluates each of those objections below.

[6] The Court would agree with Judge Moses' analysis and adopt the recommendation on *de novo* review as well.

### B. The Court Does Not Consider the New Allegations Raised for the First Time in Plaintiff's Objections

The additional facts presented by Plaintiff for the first time in her Objections are not considered by the Court because they are untimely. A "proper objection generally may not raise new arguments not previously made before the magistrate judge." *Nambiar*, 158 F.4th at 359. Yet Plaintiff presented new facts to the Court in her Objections that were not raised in briefing the underlying motions—or at any prior point during history of this action. There is no reason to depart from the general rule here. Plaintiff is represented by counsel. Plaintiff presents no justification for her failure to present earlier the facts that she seeks to assert now. As a result, the Court does not consider the new factual allegations presented in Plaintiff's Objections.[7]

### C. Plaintiff's Objections Relating to the Notice-To-Sue Letter Are Misplaced

The Objections' argument regarding the timing of the notice-to-sue letter do not respond to the R&R. The Objections assert that the facts alleged in Plaintiff's complaint "supported equitable tolling of the 90-day filing period." Obj. at 1. What the Objections ignore, however, is the fact that the R&R accepted Plaintiff's position regarding the date of her receipt of the right-to-sue letter. The 90-day filing period played no role in the R&R's recommendation that the Court find Plaintiff's Title VII claim to be untimely. R&R at 22 n. 15. There is nothing in the R&R to which Plaintiff may object regarding this issue.

### D. Plaintiff's Title VII Claim Was Not Filed Timely

The R&R correctly concluded that Plaintiff's Title VII claim related to her time at, and termination from, the Eagle Academy should be dismissed as untimely. It is well established that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts

[7] Had the Court considered those additional facts, it would have agreed with Defendants' analysis and conclusion that the additional allegations failed to cure the deficiencies in Plaintiff's claims. The new facts are presented based on the faulty premise that the end date of Plaintiff's employment, rather than the date of the relevant discriminatory act, triggers the EEOC's 300-day filing deadline.

alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Claims based on discrete acts—*e.g.*, termination, failure to promote, denial of transfer, reduction in pay—are time barred if they took place outside the statute of limitations, "even when undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 157 (2d Cir. 2012) *cert. denied sub nom. Eng v. Port Auth. of New York & New Jersey*, 569 U.S. 904 (2013) (collecting cases from other circuits).

It is also well established that hostile work environment claims are different from claims of discrete discriminatory acts because "[t]heir very nature involves repeated conduct. The unlawful employment practice . . . occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115 (internal citation omitted). Thus, "so long as an act contributing to that hostile environment takes place within the statutory time period," it is appropriate to consider "the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) (quoting *Morgan*, 536 U.S. at 105).

Generally, a plaintiff must file an administrative complaint alleging Title VII violations with the EEOC within 180 days of the alleged discriminatory conduct. *See* 42 U.S.C. § 2000e-5(e)(1). However, in a "deferral" state such as New York, in which there is a designated state or local agency with jurisdiction to consider discriminatory employment claims, the limitations period for filing charges with the EEOC is extended to 300 days. *See id*; 29 C.F.R. § 1601.13; *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010).

As the R&R concluded, it is apparent from the face of the complaint that the last relevant discriminatory act "certainly was no later than May 31, 2022, when she was 'effectively terminated.'" R&R at 21. Plaintiff did not file her DHR Complaint until April 10, 2023, which was more than 300

days after she received notice of her termination. Therefore, all of her claims related to her termination and discrete discriminatory acts that occurred prior to that date were untimely.[8]

Plaintiff objects to this conclusion based on the assertion that the "300-day filing period runs from the last day of *employment*," rather than the date of the relevant discriminatory act. Obj. at 2 (emphasis added). It is unsurprising that Plaintiff cites no caselaw to support this position, for it is soundly foreclosed by the text of the statute and the governing caselaw. *See, e.g.*, *Morgan*, 536 U.S. at 113 (holding that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act.").

Plaintiff's objection to the R&R's recommendation that the Court find that her proposed amendment to the complaint would be futile is founded on the same misapprehension that the 300-day timeline begins with the last day of her employment. That objection is unsound. For the reasons described in the R&R, the proposed amendments did not change the analysis of the timeliness of Plaintiff's Title VII claim. R&R at 23-24.[9] As described above, Plaintiff did not object to the R&R's recommendation that her proposed claim under Section 1983 was not well-pleaded.

---

[8] And, as described above and in the R&R, the continuing violation doctrine did not apply to make her claims for a hostile work environment timely.

[9] In the R&R, Judge Moses explained the requirements for a plaintiff to exhaust her claims under Title VII. Defendants argued in their motion to dismiss that any claims that Plaintiff "may have arising from her employment by the DOE after she left Eagle Academy are unexhausted, having never been presented to the DHR." R&R at 13 (citing Def. Opp. at 5-6). Plaintiff did not respond to this argument in her reply. *See generally* Pl. Rep. By not responding, she conceded that she has not exhausted her administrative remedies with respect to any such claims. *See, e.g.*, *Brunero v. Vukasinovic*, No. 23-CV-6341 (ER), 2024 WL 4345731, at *7 (S.D.N.Y. Sept. 30, 2024) ("Generally, a party's failure to respond to an argument effectively concedes that argument."). Plaintiff has never argued that the proposed amended complaint stated a claim based on conduct following her tenure at Eagle Academy. Nonetheless, the Court has considered the DHR Complaint. It does not indicate that any of the alleged misconduct happened after Plaintiff left Eagle Academy. It did not give the agency adequate notice to investigate alleged discriminatory conduct at a different school by different actors. An investigation of such alleged misconduct would not be reasonably expected to grow out of the DHR Complaint. *See Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). The fact that Plaintiff conceded that she failed to exhaust (and did fail to exhaust) administrative remedies with respect to potential claims under Title VII arising from any period of employment by the DOE after she was terminated from Eagle Academy supports the conclusion that the proposed amendment of the complaint would be futile.

Therefore, the Court adopts the R&R's conclusion that Plaintiff should be denied leave to amend.

## V. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in full. Defendants' motion to dismiss Plaintiff's claims in the First Amended Complaint is GRANTED and Plaintiff's motion to amend the complaint is DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 31 and 44, to enter judgment for Defendants and to close this case.

SO ORDERED.

Dated: September 22, 2026
New York, New York

GREGORY H. WOODS
United States District Judge